```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
MADELINE MADERA,

                        Plaintiff,                              **MEMORANDUM AND ORDER**
       - against -                                               17-CV-7555 (RRM)

COMMISSIONER OF SOCIAL SECURITY,

                        Defendant.
-------------------------------------------------------------------x
```
ROSLYNN R. MAUSKOPF, United States District Judge.

In a Memorandum and Order dated March 25, 2020 (the "Prior Order") (Doc. No. 24), the Court granted plaintiff Madeline Madera's motion for judgment on the pleadings in this action, in which plaintiff sought review of defendant Commissioner of Social Security's determination that she was not entitled to disability insurance benefits under Title II of the Social Security Act. The Prior Order discussed details of plaintiff's medical condition and disclosed other personal information.

After the Prior Order was issued, the Court received two letters: one from plaintiff's counsel and one from plaintiff herself. The letter from counsel contained four single sentence paragraphs noting that plaintiff had called counsel to complain that the Prior Order had been posted on the internet, that plaintiff was "extremely concerned" with the breach of her privacy resulting from the publication of her personal and medical information, and that plaintiff requested that the case "be classified as case participants only and that the medical portion of her case be sealed." (Counsel's Letter (Doc. No. 25).) The letter from plaintiff herself states that she has previously been a victim of identity theft and is experiencing "a great deal of distress" because the Prior Order has been posted publicly on the internet. (Plaintiff's Letter (Doc. No.

27).)   She further states that the public disclosure of her health information has been very embarrassing and "is hindering [her] personally" and requests that the entire case be sealed.  (*Id.*)

Preliminarily, the Court notes that public access to every document in plaintiff's case, except for the Court's judgment and orders, is already limited by operation of Rule 5.2(c) of the Federal Rules of Civil Procedure.  Rule 5.2(c) provides, in pertinent part:

> Unless the court orders otherwise, in an action for benefits under the Social Security Act, … access to an electronic file is authorized as follows:
>
> > (1) the parties and their attorneys may have remote electronic access to any part of the case file, including the administrative record;
> >
> > (2) any other person may have electronic access to the full record at the courthouse, but may have remote electronic access only to:
> >
> > > (A) the docket maintained by the court; and
> > >
> > > (B) an opinion, order, judgment, or other disposition of the court, but not any other part of the case file or the administrative record.

The Clerk of Court having complied with this rule, access to all but four of the documents filed in this case is restricted to court users, case participants, and public terminal users.  Three of those four documents—two orders relating to briefing and the judgment—contain no sensitive personal information.  The only document which contains such information and to which there is unfettered public access is the Prior Order.  Accordingly, Counsel's Letter and Plaintiff's Letter, in essence, request that the Prior Order be sealed.

The impediment to granting that request is a "presumption of public access" to a "judicial document."  *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 141 (2d Cir. 2016).  As used here, the term "judicial document" encompasses all court filings "relevant to the performance of the judicial function and useful in the judicial process."  *United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995).  "It is axiomatic that a court's orders and written opinions are 'judicial documents' to which the presumption of access applies."  *Moroughan v.*

2

*Cty. of Suffolk,* No. 12-CV-512 (JFB) (AKT), 2021 WL 280053, at *2 (E.D.N.Y. Jan. 24, 2021). Moreover, the "presumption of access for judicial opinions is extremely strong," *id.*, because a court's "adjudication is a formal act of government, the basis of which should, absent exceptional circumstances, be subject to public scrutiny." *Joy v. North*, 692 F.2d 880, 893 (2d Cir. 1982).

"[T]he natural desire of parties to shield prejudicial information contained in judicial records from ... the public ... cannot be accommodated by courts without seriously undermining the tradition of an open judicial system." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 123 n. 5 (2d Cir. 2006) (quoting *Brown & Williamson Tobacco v. Fed. Trade Comm'n*, 710 F.2d 1165, 1180 (6th Cir. 1983)). "[P]ublic access may only be denied when countervailing considerations overcome the presumption." *Wellnx Life Scis. Inc. v. Iovate Health Scis. Rsch. Inc.*, No. 06-CV-7785 (PKC), 2007 WL 1573913, at *5 (S.D.N.Y. May 24, 2007) (citing *United States v. Amodeo*, 71 F.3d 1044 (2d Cir. 1995)). "The party seeking the sealing of judicial documents bears the burden of showing that higher values overcome the presumption of public access." *In re Zimmer M/L Taper Hip Prosthesis Liab. Litig.*, No. 18-MC-2859 (PAC), 2021 WL 4706199, at *1 (S.D.N.Y. Oct. 8, 2021) (quoting *Alexandria Real Estate Equities, Inc. v. Fair*, 2011 WL 6015646, at *2 (S.D.N.Y. Nov. 30, 2011)).

Plaintiff has not met that burden. Counsel's Letter simply notes that plaintiff is "extremely concerned with the breach of her privacy" resulting from the Prior Order's inclusion of "her personal and medical information." Plaintiff's Letter simply elaborates on that point, explaining why she finds the inclusion of that information so distressing. These submissions do not show that higher values overcome the extremely strong presumption of public access to the Prior Order.

3

**CONCLUSION**

For the reasons set forth above, plaintiff's motions to seal (Docs. No. 26 and 27) are denied without prejudice. The Clerk of Court is respectfully directed to mail a copy of this Memorandum and Order to plaintiff and to note that mailing on the docket sheet.

SO ORDERED.

Dated: Brooklyn, New York
September 30, 2022

*Roslynn R. Mauskopf*

ROSLYNN R. MAUSKOPF
United States District Judge